# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 10, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDDIE JINNIS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1121** (BOR Appeal No. 2049368)
(Claim No. 2013013411)

**SUMMIT ENVIRONMENTAL SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eddie Jinnis, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summit Environmental Services, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 1, 2014, in which the Board affirmed a March 24, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 11, 2013, decision denying the reopening request for further temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jinnis, an employee of Summit Environmental Services, LLC, was working in the furnace area when a fire started on August 6, 2012. Mr. Jinnis injured his knee and wrist while attempting to escape. Mr. Jinnis was seen at Norton Community Hospital for his injuries. X-rays were obtained of the right wrist, left wrist, and left knee. They were interpreted as unremarkable. Mr. Jinnis was examined and diagnosed with a second degree burn of the wrist, a knee injury, and a sprain. On August 7, 2012, a report from Thomas Daugherty, M.D., was issued. Dr. Daugherty examined Mr. Jinnis and found tenderness in the left knee along the medial joint line

1

but no effusion. Dr. Daugherty opined that Mr. Jinnis should be able to make some reasonable progress. A work slip was completed indicating he would be unable to work for ten days. On August 16, 2012, Mr. Jinnis filled out his report of injury. On August 24, 2012, his claim was held compensable. From August 30, 2012, through April 19, 2013, Mr. Jinnis was treated by Jiab Suleiman, M.D. Injections were administered on March 14, 2013, due to tendonitis of the knee. It was noted on March 29, 2013, that Mr. Jinnis suffered from derangement of the knee and was to remain off work until being re-evaluated on May 13, 2013.

On September 12, 2013, Mr. Jinnis underwent an MRI of the left knee. It revealed a small amount of effusion. There was no high grade internal derangement or medial meniscus tear. Mild swelling was noted within the Hoffa's fat pad. There was no high grade chondromalacia patella or patellofemoral dislocation. On May 14, 2013, an independent medical evaluation from William Gonte, M.D., was made available. Dr. Gonte diagnosed a left knee contusion, medical collateral ligament strain of the left knee, and status post second degree burns to the right wrist and right shoulder which had resolved. He opined that Mr. Jinnis had not reached his maximum degree of medical improvement and would benefit from additional physical therapy, a knee brace, and anti-inflammatory treatment.

On June 4, 2013, Mr. Jinnis filled out his reopening application for further temporary total disability benefits. It was completed by Dr. Suleiman. Although he indicated there had been no aggravation or progression of Mr. Jinnis's disability, he noted Mr. Jinnis was still attending physical therapy for the left knee and still experienced pain and stiffness as well as swelling. Dr. Suleiman advised Mr. Jinnis not to return to work at that time. The claims administrator denied Mr. Jinnis's application for further permanent partial disability benefits on July 11, 2013. The claims administrator determined that the application failed to disclose a progression or aggravation in the allowed condition or some fact not previously considered which would entitle Mr. Jinnis to greater benefits than he already received. Mr. Jinnis protested.

The Office of Judges determined that Mr. Jinnis failed to demonstrate that he was entitled to any additional temporary total disability benefits. The Office of Judges noted that Dr. Suleiman, who completed his reopening application, indicated that Mr. Jinnis had not suffered a progression of his disability since being released to resume employment or being certified as having reached his maximum degree of medical improvement. The Office of Judges determined that Dr. Suleiman was in the best position to determine whether Mr. Jinnis had suffered an aggravation or progression of the subject injury, because he was the physician who released Mr. Jinnis to return work on November 5, 2012. The Office of Judges found that Dr. Suleiman failed to causally connect Mr. Jinnis's inability to work with the compensable injury. The Office of Judges further determined that even though Dr. Suleiman diagnosed derangement the MRI performed on September 12, 2012, was interpreted as showing no derangement. The Office of Judges determined that the evidence did not indicate a causal connection between the initial injury and Mr. Jinnis's inability to work.

We agree with the consistent decisions of the Office of Judges and Board of Review. Mr. Jinnis has not presented sufficient evidence that he has suffered an aggravation or progression of his compensable injury such that he would be entitled to additional total temporary disability

benefits. Dr. Suleiman was in the best position to determine whether Mr. Jinnis had suffered an aggravation or progression of the subject injury. He was the physician who released Mr. Jinnis to return work on November 5, 2012. Furthermore, Dr. Suleiman failed to causally connect Mr. Jinnis's inability to work with the injury. The evidence in the record supports the notion that internal derangement of the left knee was not related to the compensable injury. Because Mr. Jinnis failed to show a prima facie case for reopening of his temporary total disability benefits, it was proper for the Office of Judges and Board of Review to not grant him additional temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 10, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis